IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STILETTO CARLUCCI LUCIANO,                :
  a/k/a STACCATO CARLO VALENTINO :
  BLAKELY, #162509                              :
              Plaintiff                       :
                                  :
     v.                                                       :   CIVIL ACTION NO. PJM-06-2424
                                  :
WARDEN                                                 :
              Defendant

**MEMORANDUM OPINION**

On September 15, 2006, Plaintiff, presently incarcerated at the Faribault Minnesota State Prison, filed the above-captioned case, seeking a $5.00 refund for a magazine ordered from a Maryland publisher that was never received. He is uncertain whether prison officials will not allow delivery of the magazine, or whether the publisher failed to process his order. In addition to the refund, he seeks an investigation of the matter. Although he has failed to pay the civil filing fee or provide an indigency affidavit, Plaintiff in the past has been granted indigency status in this Court and shall be afforded same for the purpose of preliminary review of the instant action.

Assuming that Plaintiff's allegations against the Warden are sufficient to state a federal constitutional claim under 42 U.S.C. § 1983, venue in this matter clearly is not proper in this Court. A civil action that is not founded solely on "diversity of citizenship" may, except as otherwise provided by law, be brought only: 1) in the judicial district where any of the defendants reside, if all defendants reside in the same State; 2) in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or 3) in a judicial district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

*See* 28 U.S.C. § 1391(a). In the instant action, the Warden is stationed in Minnesota, not Maryland. Moreover, the denial of civil rights allegedly occurred in Minnesota.

Assuming Plaintiff intends to seek a refund from the Maryland-based publisher, he may do so in the appropriate state court. He has failed, however, to meet the amount of controversy requirement set forth under 28 U.S.C. § 1332(a)(1) and thus cannot proceed against the publisher in this forum. Plaintiff's request for an investigation is not the province of a federal court, and is therefore denied.

Accordingly, the above-captioned case is dismissed without prejudice, to permit Plaintiff to proceed in a more appropriate forum.

September 22, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE